CARNINE et al,
*Appellants,*

*v.*

OREGON STATE TEXTBOOK COMMISSION,
*Respondent.*

(16-79-05976; CA A22744)

660 P2d 201

Donald W. Brodie, Eugene, argued the cause and filed the briefs for appellants.

James E. Mountain, Jr., Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were Dave Frohnmayer, Attorney General, and William F. Gary, Solicitor General, Salem.

Before Gillette, Presiding Judge, and Warden and Young, Judges.

GILLETTE, P. J.

## GILLETTE, P. J.

Petitioners seek review of a circuit court opinion and order that dismissed their petition for judicial review of two separate actions taken by the Oregon State Textbook Commission (Commission). We affirm the circuit court, because petitioners' assignments of error are all directed at a decision that we do not have the authority to review.

The Commission is required by statute to review textbooks and proposals submitted by textbook publishers and to select from those proposals "a multiple choice list of textbooks for each grade and subject field in the standard curriculum for which * * * textbooks are required." ORS 337.050(1). The Commission is authorized to choose only textbooks that satisfy guidelines and criteria established by the Oregon State Board of Education (Board). Once the Commission has approved a list of texts, that list is submitted to the Board for acceptance or rejection. For the most part, Oregon school districts select their basic textbooks from the lists approved by the Commission and accepted by the Board.

Petitioners are authors of arithmetic textbooks entitled DISTAR I and II. In 1977, petitioners' publisher submitted the DISTAR texts to the Commission, together with a proposal and a brief. At its meeting on November 18, 1977, the Commission rejected the books because, in the Commission's view, the books did not meet the relevant Board criteria. In March, 1979, petitioners' publisher requested that the Commission reconsider the DISTAR texts. After some discussion, the Commission voted on May 4, 1979, not to reconsider them.

Petitioners sought judicial review of both the 1977 rejection and the 1979 denial of reconsideration. The appeal was filed with the Lane County Circuit Court as a petition for review of orders in other than contested cases. ORS 183.484. The circuit court took testimony for four days and then issued an opinion concluding, *inter alia*, that: (1) it lacked jurisdiction over the Commission's 1977 decision because petitioners had not filed a timely notice of appeal from that action;[1] (2) petitioners had not been entitled to a

---

[1] ORS 183.484, governing jurisdiction for review of orders in other than contested cases, provides in part:

contested case hearing in 1977; and (3) there was substantial evidence to support the Commission's 1977 decision. This appeal followed.

At the outset, we note that the circuit court's holding that it lacked jurisdiction to review the Commission's 1977 decision is critical to this case. Petitioners do not assign that holding as error. It is therefore established that the 1977 decision was beyond the review jurisdiction of the circuit court and is beyond our scrutiny now. As a result, the only decision subject to review is the Commission's 1979 refusal to reconsider the DISTAR textbooks.[2] Petitioners acknowledge that our review is limited to the 1979 decision, but all four assignments of error are based upon the premises that (1) the Commission's 1977 decision to reject petitioners' books was wrong because the books meet the Board's criteria and (2) the procedures the Commission used to reach that 1977 decision were deficient. Consequently, none of petitioners' complaints is a proper basis for invalidating the 1979 decision.

The first assignment of error states:

"Petitioners were unlawfully denied the right to a contested case hearing under the definitions found in ORS 183.310(2)(a)(C)."

Petitioners argue that the textbook approval they sought was a license, as "license" is defined in ORS 183.310, and that they were entitled to a contested case proceeding under ORS 183.435.[3] However, the Commission's approval was

---

"* * * * *

"(2) Petitions for review shall be filed within 60 days only following the date the order is served * * *."

The circuit court determined that petitioners had not filed their notice of appeal from the 1977 action within the prescribed 60 day period.

[2] We note that there is nothing in the Commission's statutes or in the administrative rules of the Board of Education that entitles authors and publishers to reconsideration of a textbook that has been rejected. Nonetheless, we assume for purposes of this opinion only that the 1979 decision was a final administrative order and can be reviewed as such under ORS 183.480 to 183.500.

[3] ORS 183.310(4) defines license as follows:

"* * * the whole or part of any agency permit, certificate, approval, registration or similar form of permission required by law to pursue any commerical activity, trade, occupation or profession."

sought and denied in *1977.* The proper time to raise the contested case issue would, therefore, have been in a review of the 1977 decision. The Commission's *1979* action did not concern the type of approval that petitioners equate with a "license;"[4] it was simply a refusal to reconsider an earlier decision. The contested case argument is therefore misplaced in a review of the 1979 decision.

Petitioners' second assignment is that:

"The textbook Commission's decision is unlawful because * * * [the Commission] failed to follow the required statutory and regulatory procedures in the rejection of petitioners' textbooks."

Petitioners contend that the Commission ignored one rule and two statutes that apply to textbook approval proceedings. If the Commission is required to comply with these provisions in the consideration of mathematics textbooks— a matter that is open to question—it must do so while it is in the process of selecting or rejecting a textbook. Because the rejection occurred in 1977, petitioners should have raised the objections embodied in their second assignment of error in a review of the 1977 decision. The statutes and the rule do not require specific procedures for the Commission's refusal to reconsider textbooks. Thus, they are irrelevant to review of the 1979 decision.

Petitioners' third assignment states:

"The circuit court mistakenly failed to exercise the appropriate scope of review in affirming the agency decision."

Here, petitioners contend that ORS 183.484 empowers and requires the circuit court, in review of an order in other than a contested case, to create a new record and to determine whether the agency decision is reasonable on the basis of findings derived from that record. The parties

---

ORS 183.435 provides:

"When an agency refuses to issue a license required to pursue any commercial activity, trade, occupation or profession if the refusal is based on grounds other than the results of a test or inspection that agency shall grant the person requesting the license 60 days from notification of the refusal to request a hearing."

[4] We express no opinion about petitioners' assertion that the Commission's consideration of a textbook is a licensing proceeding.

created a record in circuit court comprised of evidence about (1) the extent to which petitioners' books met the criteria and (2) the Commission's decision-making process in 1977. Each type of evidence is pertinent only to the 1977 decision; none of it bears upon the Commission's 1979 action. Because we can review only the 1979 decision, the circuit court's scope of review with respect to the 1977 action is irrelevant.

Finally, petitioners' fourth assignment states:

"Assuming arguendo that the circuit court in fact processed the record it created [*i.e.,* exercised the proper scope of review], the order is not supported by substantial evidence in the court-created record."

Petitioners' argue that the record created in the circuit court does not contain substantial evidence to support the Commission's decision to reject petitioners' books. The rejection decision was made in 1977, not in 1979. Whether there was substantial evidence to support the 1977 decision is beyond our inquiry on review of the 1979 decision.

In summary, the circuit court's conclusion that it lacked jurisdiction over the 1977 decision removed from this case all issues arising from that decision. Nonetheless, virtually all of the evidence presented to the circuit court and all of the arguments before us on appeal pertain to the correctness of the 1977 decision and the procedures that the Commission employed to arrive at that decision. Petitioners cannot, under the guise of an attack on the 1979 decision, procure a *de facto* invalidation of the 1977 decision.

Affirmed.[5]

---

[5] Because we affirm the circuit court's determination of the jurisdictional question, we do not address the circuit court's alterative holding concerning petitioners' right to a contested case hearing. Similarly, we express no opinion as to the appropriateness of the lengthy hearing held by the circuit court in connection with the contested case hearing claim.